# Finnel *versus* Brew, to the use of Mack.

1. Where a payment is made voluntarily, on an unfounded demand, or in ignorance of the law or legal circumstances of the case, it cannot be recovered back.

2. Nothing occurring afterwards in the determination of new controversies between other parties, can be carried back to affect a transaction, which when it took place, was fair and just.

3. Finnel held three judgments against Brew, who paid fifty dollars on them. Before an auditor, distributing the proceeds of a sheriff's sale of Brew's land, Finnel claimed and there was awarded to him the *whole* amount of the judgments; the fund did not reach to pay all the liens, the report was confirmed. *Held*, that if Finnel could not conscionably retain the fifty dollars, Brew could not recover, the retention being to the prejudice of the unpaid lien creditor.

4. Brew's interest, in the proper application of the fund to the liens against him, did not entitle him to the fifty dollars, nor authorize him to control it.

5. The auditor's report and its confirmation were conclusive against Brew's claim.

6. A decree, awarding money paid into court, is conclusive that the party to whom the fund is awarded is entitled to it.

7 No matter, that can properly be litigated before an auditor to distribute a fund in court, can be examined in a collateral action.

March 13th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bradford county :* Of July Term 1874, No. 16.

This action was originally brought before a justice of the peace, by William Brew against James Finnel. An appeal from his judgment was entered in the Court of Common Pleas, on the 6th

[Finnel v. Brew.]

of May 1872. The record was amended there so that the record should be William Brew to this use of John Mack.

The circumstances in the case were as follows:— .

Finnel was the beneficial plaintiff in three judgments in the Court of Common Pleas of Bradford county, against William Brew. On these judgments Brew paid Finnel $50. Afterwards Brew's real estate, on which these judgments were a lien, was sold by the sheriff. The proceeds of sale were brought into court, and L. P. Williston, Esq., was appointed auditor to report distribution. The auditor gave due notice of the time and place of hearing. A number of claims upon the fund were made by counsel, who were present representing them. William Brew was not present, nor was he represented. The auditor reported, awarding, amongst others, to Finnel the amount of his three judgments in full, without any deduction on account of the $50 previously paid, no mention of it having been made to him by Finnel, or on behalf of Brew. The fund did not reach to pay all the liens. On one held by John Meredith, amounting to $303.86, only $284.93 were paid. The report was confirmed at February Term 1871. Brew brought this suit before the justice January 4th 1872, to recover the $50 paid to Finnel before the sale of his land.

The case was tried February 17th 1874, before Streeter, P. J., upon the foregoing facts.

The following were points of the defendant. They were answered in the negative :—

2. In this case the money proved to be paid was voluntarily paid on a claim of right, to apply on a judgment or notes, and plaintiff cannot recover.

4. If the jury find that plaintiff has paid defendant $50 for which he has no credit, plaintiff cannot recover, because said sum should apply to liens against the real estate of plaintiff sold, and plaintiff has no interest in the fund.

The jury found for the plaintiff for $50, subject to the following reserved question : " Is the auditor's report distributing the fund arising from the sale of the real estate of plaintiff, in which distribution the $50 now claimed to have been paid to apply on judgments of the defendant was not applied—a bar to this action ?"

The court delivered the following opinion on the reserved question :—

" Finnel the defendant had some judgments against the plaintiff which were entered upon the docket at Towanda, some three or four years ago. Brew paid Finnel some forty or fifty dollars which he claims was to be applied on the judgments entered at Towanda. Finnel made no such application of the money. Brew's real estate was sold and an auditor appointed to distribute the money. Brew was not present and Finnel received the full amount of his judgments. Brew now sues to recover the money paid to

Finnel to apply on the judgments, but which was not applied.  The question reserved at the trial was, whether the auditor's report was a bar to recovery in this action.  If Brew had claimed this credit before the auditor and the matter had been passed upon, doubtless he would be estopped in this action, but he was not present and no such claim was presented to the auditor.  The claim has never been adjudicated in any form, and while Brew might have claimed this allowance before the auditor he was not compelled to do so. The reserved point is answered in the negative, and the prothonotary will enter a judgment upon the verdict."

The defendant took a writ of error and assigned for error answering his points in the negative; and entering judgment for the plaintiff on the reserved point.

*H. N. Williams*, for plaintiff in error.—Money voluntarily paid under a claim of right without mistake or fraud cannot be recovered back : Bogart *v.* Nevins, 6 S. & R. 369 ; Irvine *v.* Hanlin, 10 Id. 219 ; Natcher *v.* Natcher, 11 Wright 494.   The report of an auditor distribuing money in court confirmed by the court is conclusive of every issue that could have been properly litigated therein : Noble *v.* Cope's Administrators, 14 Wright 18 ; Miller's Appeal, 6 Casey 492 ; Bank of Northern Liberties *v.* Minford, 3 Grant 232.   The auditor had full power to inquire into the payment of any part or all these judgments : Troubat & Haley, part 2, 1077–8 ; Stewart *v.* Stocker, 1 Watts 135 ;  Galway's Appeal, 10 Casey 242. Having fixed the amount due Finnel, which was confirmed by the court, and remained unappealed from, every one was concluded as to the amount due and owing Finnel by Brew : Noble *v.* Cope, 14 Wright 17; Leeds *v.* Bender, 6 W. & S. 318 ; Finney's Appeal, 3 Barr 312.   Brew had a right to be heard there before the auditor : Towers *v.* Academy, 8 Barr 297 ; Longenecker *v.* Zeigler, 1 Watts 252 ; McDavitt & Hay's Appeal, 20 P. F. Smith 373.

*H. W. Patrick* (with whom were *Foyle & McPherson*), for defendant in error.

Mr. Justice WOODWARD delivered the opinion of the court, March 27th 1876.

When William Brew, the plaintiff below, paid the money for the recovery of which this suit was brought, Finnel, the defendant, held three judgments against him, amounting to something like $150.   These judgments were due, payable and undisputed.   The payment of the $50 was one which Finnel had the right to receive, and which it was the duty of Brew to make.   A reference to authority to prove that an action cannot be maintained for money so paid, would seem to be superfluous.   Even where the payment

[Finnel v. Brew.]

has been on an unfounded demand, or in ignorance of the law and legal circumstances of the case, if voluntary and without constraint, it cannot be recovered back: Colwell v. Peden, 3 Watts 328; Lackey v. Mercer County, 9 Barr 318; and Natcher v. Natcher, 11 Wright 496. No facts occurring afterwards in the determination of new controversies between other parties can be carried back to affect a transaction which, when it took place, was perfectly fair and just.

To entitle the plaintiff to recover, he must be able to take advantage of the error of the auditor by whom the proceeds of his real estate were distributed after its sale by the sheriff. In that distribution the whole amount of the three judgments which Finnel held was allowed. As the verdict of the jury has established the payment of the $50 in dispute, the allowance was to just that extent too large. Can the excess be restored to the plaintiff by means of this action? The proceeds of the sheriff's sale were insufficient to pay the liens against the plaintiff. If the amount Finnel had received from Brew had been deducted from the sum he claimed, it would have been applicable to the judgment of John Meredith, and a later judgment of C. M. Myer would have been still left wholly unpaid. Thus the sale had divested the plaintiff of all interest in the land, and his creditors were the only parties who had a right to participate in the fund. Admitting that the defendant could not conscionably claim the $50, the mistake was to the prejudice of Meredith alone. The general interest which the plaintiff had in the proper application of the money in the sheriff's hands to the liens against him, was not such as to entitle him to the possession of this particular sum, or to authorize him to control its disposition. The facts in Longenecker v. Ziegler, 1 Watts 252, were identical with those developed here, except that the judgment-debtor in that case had brought suit for the use of the creditor, who would have been entitled to receive the excess improvidently paid on an earlier judgment if the fund had been properly distributed. It was held that the action could not be maintained, on the ground that Longenecker had no right to the money beneficially, or even as trustee for the creditors, for the law is not so unreasonable as to attribute to him the ownership of that of which it had itself divested him, and appropriated to the extinguishment of his debts.

The auditor's report and its confirmation by the court are also conclusive against the plaintiff's present claim. The duty of the auditor was to pass on the question which lies at the foundation of this controversy. He was to ascertain the parties who held liens against the property sold, and the amounts due to them respectively. It has been urged in the argument that the plaintiff was not a party to the hearing, and could not be affected by the auditor's action. It is true he had no right to any part of the

[*Finnel v.* Brew.]

money, but the due application of it to his debts was as important to him as if he had been a participant in the distribution. Of all parties concerned in the proceeding, he had received from the very outset the earliest, the most direct and most constant notice. Cash's Appeal, 1 Barr 166, decided that a lien-creditor who does not appeal from a decree distributing a fund raised by a sheriff's sale, cannot be relieved in the Supreme Court. In Finney's Appeal, 3 Barr 312, it was held that if a lien-creditor did not claim at the time of the distribution, but permitted the residue to be paid to an assignee for the benefit of creditors, his claim to be preferred to the assignee came too late. A decree awarding money paid into court to one of several contesting creditors is, if unreversed and unappealed from, conclusive that the party to whom the fund is awarded is, and the contestants are not, entitled to it; and all matters that could have been properly litigated cannot again be examined in a collateral action : Noble *v.* Cope's Administrators, 14 Wright 18. The remedy for any error by the auditor was in an application to the Common Pleas. This remedy was afforded in Beck's Appeal, 3 Harris 406, where a mortgage-creditor petitioned for the correction of a mistake in the distribution of the proceeds of a sheriff's sale at the next term of the court, but after the twenty days allowed for an appeal had expired; and it was held by this court that the Common Pleas had power to review its decision and to grant relief. In this case undoubtedly a mistake was made, but it could only be cured by reforming or reversing the decree upon the auditor's report. That cannot be reached collaterally. It was final as to the question which it was the object of this litigation to present.

Judgment reversed.