## Bobst *v.* Gring, Appellant.

*Payment—Voluntary payment—Ignorance of law.*

One who voluntarily pays money with full knowledge or means of knowledge of all the facts, without any fraud having been practiced upon him, cannot recover it back by reason of the payment having been made in ignorance of law.

Argued Nov. 14, 1906. Appeal, No. 54, Oct. T., 1906, by defendant, from judgment of C. P. Berks Co., Dec. T., 1902, No. 60, on verdict for plaintiff in case of Samuel Bobst v. Wallace Gring. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover money voluntarily paid. Before ER-MENTROUT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $190.31. Defendant appealed.

*Error assigned* among others was in discharging rule for judgment for plaintiff non obstante veredicto.

*Stephen M. Meredith*, with him *J. Ross Miller*, for appellant. —When a payment is voluntarily made on an unfounded claim or demand, or in ignorance of the law or legal circumstances of the case, it cannot be recovered back: Finnel v. Brew, 81 Pa. 362; Speise v. McCoy, 6 W. & S. 485; Thomas v. P. & R. R. R. Co., 1 W. N. C. 621; Natcher v. Natcher, 47 Pa. 496.

*W. B. Bechtel*, with him *H. P. Keiser*, for appellee.—The case falls within the authority of Abraham v. Mitchell, 112 Pa. 230.

The plaintiff may recover back money found to have been obtained from him by duress, extortion, imposition, or taking any undue advantage of his situation: 2 Greenleaf on Evidence, sec. 121; White v. Heylman, 34 Pa. 142.

OPINION BY ORLADY, J., February 25, 1907:

The plaintiff, Samuel Bobst, held a public sale of horses, wagons, etc., and pursuant to a previous arrangement sold a horse belonging to Wallace Gring, the defendant, to one Leo Schoetzle. In payment of his purchase Schoetzle gave a promissory note, dated February 15, 1902, for $161, due eight months afterwards " to the order of Samuel Bobst," and signed by himself and F. B. Banman. Bobst indorsed the note and delivered it to Gring, who soon thereafter deposited it in a local bank for collection. At its maturity, on October 15th, it was regularly protested for nonpayment. From the testimony of the plaintiff it appears that within a few days he called at the bank and talked with the cashier in regard to the Schoetzle note, as follows : " Q. What did he say ? A. Well, I asked him how it was about these notes; I told him I didn't owe

these notes.  Then he says: ' Well, I understand the situation, but I would advise you to pay them and sue Gring.'  He said: ' You consult a lawyer before you do that.'  I went right up and saw you (his counsel) then.  I asked you whether I should fix up these notes.  You (his attorney) said, ' Yes ; '  I went down and paid them and then I came up and sued Gring." The note was paid on November 5th, and the same day the amount was credited to Gring's account in the bank.  It is clearly established by the evidence that the note was deposited in the bank for collection and not for discount, and that after its protest no inquiry was made by Bobst of Gring or Schoetzle in regard to its payment before he paid the bank, and it may be conceded that in receiving the money from Bobst the bank was acting as the agent of Gring, and the statements made by the cashier would be binding upon him.

The plaintiff's right to recover hinges on a narrow proposition, and can be disposed of upon his own testimony.  If the payment was a voluntary one he cannot recover from Gring. The meager conversation with the cashier could not have deceived him.  The most that could be said of it is, that it might have inspired an inquiry into the full facts, and this he did not make.  While that officer suggested that he pay the bank and then sue Gring, it was no more than a suggestion, and it was at the same time coupled with the direction that he, Bobst, should see his attorney in regard to it before he did anything.  To be advised fully in regard to his rights and liabilities he then consulted with his attorney before he made the payment.  Whether he made full disclosure of all the facts is not material, as it is manifest that his conduct was not controlled by what the cashier told him, and he made no further inquiry at the bank or investigation from any source.  The general rule is well settled that one who voluntarily pays money with full knowledge or means of knowledge of all the facts, without any fraud having been practiced upon him, cannot recover it back by reason of the payment having been made in ignorance of law : Natcher v. Natcher, 47 Pa. 496 ; Real Estate Saving Institution v. Linder, 74 Pa. 371 ; Finnel v. Brew, 81 Pa. 362 ; Gould v. McFall, 118 Pa. 455 ; Schoenfeld v. Bradford, 16 Pa. Superior Ct. 165.

The parties dispute about several minor phases of the case,

but dealing with the plaintiff's contention as favorably as he makes it by his own testimony, under the decisions, the points submitted by the defendant on the trial below should have been affirmed.

The judgment is reversed.