# Johnson, Appellant, *v.* Hernig.

*Promissory notes—Payment—Evidence—Credibility of witness—Case for jury.*

1. In an action of assumpsit where the issue turns upon the plaintiff's testimony, and this is not clear, convincing and free from uncertainty, the question of the credibility of the plaintiff is in issue, and must be submitted to the jury.

*Payment—Mistake—Promissory note.*

2. The mere mistake of a debtor as to the grounds of his liability cannot relieve him from the consequences of his voluntary payment of the debt he owes, and entitle him to recover back the money.

3. One who voluntarily pays money with full knowledge or means

of knowledge of all the facts without any fraud having been practiced upon him, cannot recover it back by reason of the payment having been made in ignorance of law.

Argued Oct. 10, 1912. Appeal, No. 257, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1909, No. 1,220, on verdict for defendant in case of Joshua M. Johnson v. Peter Hernig. Before Rice, P. J., Henderson, Morrison, Orlady and Porter, JJ. Affirmed.

Assumpsit upon a check for $500, and also for $600, alleged to have been paid defendant under a mistake. Before Barratt, J.

The facts are stated in the opinion of the Superior Court. See also Hernig v. Johnson, 52 Pa. Superior Ct. 255.

Plaintiff presented, amongst others, the following points:

2. If Johnson the plaintiff paid the $600 under a mistake as to his liability as an indorser on the check of the Maryland Lumber Company he can recover the amount so paid because such indorsement did not make him liable. *Answer:* The second point is declined. [1]

3. The plaintiff is entitled to recover the amount paid out by him upon the check of $500, made by the defendant, dated March 3, 1909, to the order of cash. *Answer:* The third point is declined.

Defendant presented this point:

No recovery can be had by the plaintiff against the defendant for the $600, which the plaintiff paid to the defendant and for which he had received the defendant's check for an equal amount, which latter check the plaintiff had deposited and collected the amount thereof in due course. *Answer:* If you find from the evidence the fact as it is stated in this point, then I affirm it. Otherwise I decline it. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Charles L. Smyth,* for appellant.—The testimony of Johnson, the plaintiff, that he paid $500 for the check of $500, issued by the defendant, stands uncontradicted by any testimony or by any circumstance and the jury had no right to disregard it and a verdict against the uncontradicted evidence should not be sustained and has been repeatedly reversed on appeal: Cobb v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 228; Dinan v. Supreme Council of Catholic Ben. Assn., 213 Pa. 489; Holden v. R. R. Co., 169 Pa. 1.

Plaintiff was entitled to recover the item of $600: Breneman v. Furniss, 90 Pa. 186; Franklin Fire Ins. Co. v. Bradford, 201 Pa. 32.

*J. S. Freeman,* with him *H. J. Scott,* for appellee.

OPINION BY RICE, P. J., February 27, 1913:

The plaintiff's demand in this action of assumpsit was based on two separate and distinct transactions, one involving the sum of $500, and the other $600. As to the first, the plaintiff testified that one Edward B. Carr brought to him a check for $500, drawn by the defendant to the order of "Cash"; that plaintiff gave Carr the amount and deposited the check in bank; and that the check was subsequently returned to him unpaid, payment having been stopped by the maker. He testified that he cashed the check for the accommodation of Carr, that he had no relation with the defendant and did not know him in the transaction. Upon cross-examination he admitted that the transaction might have been with McQuay, as alleged in the statement of claim, and not with Carr. He testified positively that he paid cash for the check, but in depositions taken in another proceeding he testified that he gave his own check for it; but no such check was produced. It is also a circumstance of some significance that subsequently a settlement of other matters took place

between the parties, in which the plaintiff paid the defendant $600 and gave his note for another alleged indebtedness of the same amount, and that he did not then insist that the defendant owed him $500 on this transaction and ask to have it deducted from the defendant's claim. The relevancy of this reference to certain portions of the defendant's testimony will appear later.

The defendant's version of the transaction, as brought out when he was called for cross-examination by the plaintiff, was, that one Coolidge brought to him the check of the Maryland Lumber Company for $500, payable to the defendant's order, and stated that the plaintiff wanted his (defendant's) check in exchange, and wanted it made payable to "Cash"; that thereupon he gave his check as requested, but subsequently stopped payment of it.

It being a proved and undisputed fact that the lumber company's check, in exchange for which the defendant's check was given, was not paid, but was returned to him protested, it is apparent that plaintiff could not recover the amount without proving to the satisfaction of the jury that he paid $500, on the faith of it. This fact depended on the plaintiff's testimony. He was an interested witness, and sufficient reference has been made to his testimony to show that it was not so clear, convincing, and free from uncertainty as to warrant the court in declaring that the jury must accept it as verity. His credibility was fairly in issue, and, therefore, binding direction in his favor could not be given without invading the province of the jury: Second Nat. Bank of Pitts. v. Hoffman, 229 Pa. 429. See, also, opinion herewith filed in Cahill v. Phila. Rapid Transit Co., 52 Pa. Superior Ct. 561, and cases there cited. The second assignment is overruled.

The facts relative to the $600 transaction, briefly stated, are: that a check for $600, drawn by the Maryland Lumber Company to the order of the plaintiff, and indorsed by the latter, was brought to the defendant, and in exchange he gave his own check, payable to the order of

the plaintiff, for the same amount. This was indorsed by the plaintiff and deposited in bank, and, upon being collected, the proceeds were credited to the plaintiff's account. The check of the Maryland Lumber Company was protested for nonpayment, and thereupon the defendant demanded payment of the plaintiff, which was made. Being asked whether he subsequently talked to the defendant, and when, the plaintiff testified: "When he asked me to give him the money on the check because I had indorsed it. He called me up on the telephone and told me this check had come back, it is no good, and I was indorser on it and I owed him the money, and I went over to his place and talked it over with him, and I felt I was liable upon it, legally bound on it, and gave him my check for $600, and took it up." The question regarding the plaintiff's claim for $600, is whether he was entitled to recover back the money thus paid. It is argued, and the court was requested to charge, that, if the plaintiff paid the $600, under a mistake as to his liability as an indorser on the check, he can recover the amount so paid, because such indorsement does not make him liable. But, as pointed out in the immediately preceding case, see Hernig v. Johnson, 52 Pa. Superior Ct. 255, his liability for the $600 did not rest on the mere fact that he had indorsed the Maryland Lumber Company's check, but upon the fact that he had received the money on the defendant's check. The mere mistake of a debtor as to the grounds of his liability cannot relieve him from the consequences of his voluntary payment of the debt he owes, and entitle him to recover back the money. "It is a principle of law, that a man who receives money fairly, which is justly due to him, shall not be obliged to refund:" Rogers v. Huntingdon Bank, 12 S. & R. 77. There is the additional well-settled principle which is applicable to the case under the plaintiff's own testimony, namely, that one who voluntarily pays money with full knowledge or means of knowledge of all the facts, without any fraud having been practiced upon him, cannot recover it back

by reason of the payment having been made in ignorance of law: Bobst v. Gring, 32 Pa. Superior Ct. 541; Bomgardner v. Blatt, 35 Pa. Superior Ct. 361. Many of the cases bearing upon the question are reviewed by Judge HENDERSON in the last-cited case. It is pertinent to refer particularly to this language of Justice THOMPSON in Natcher v. Natcher, 47 Pa. 496: "A moment's reflection will induce the inquiry, how can money voluntarily paid be recovered back? Upon what can the implied promise to pay back be rested, against a free and voluntary parting with the money, without any reservation that it is ever to be returned? The latter excludes the former. The act overthrows all presumptions inconsistent with it, and hence the rule that money voluntarily paid, that is, paid without fraud or constraint, can never be recovered back." A careful consideration of all of the evidence adduced on the trial of this case, much of which was irrelevant and tended rather to obscure than to throw light on the real issue, leads us to the conclusion that no error was committed by the court in refusing the plaintiff's second point (first assignment) or in its answer to the defendant's second point (third assignment). These assignments are overruled.

The fourth assignment is that the charge was inadequate and misleading and failed to clearly present the issues to be determined by the jury. This assignment is not sustained.

The judgment is affirmed.