In Re: Tax Claim Bureau, German Township, Mt. Sterling, 54½ Acres Miscellaneous Buildings.

Rinaldo DiCenzo and Fred Cuteri, Appellants.

Argued May 8, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*C. Grainger Bowman, McNees, Wallace & Nurick,*
of counsel, *Coldren & Coldren,* for appellants.

*Gerald R. Solomon,* for appellees.

OPINION BY JUDGE MACPHAIL, February 2, 1982:

On October 12, 1972, the Fayette County Tax Claim Bureau (Bureau) sold to Rinaldo DiCenzo and Fred A. Cuteri (Appellants) for non-payment of delinquent taxes two tracts of real estate in German Township, Fayette County, listed in the tax sale notice as owned or reputed to be owned by Mt. Sterling Fuel Company (Company). That sale was subsequently confirmed by the Fayette County Court of Common Pleas. On May 21, 1979, the Bureau filed a "Petition to Void Sale"[1] setting forth that the said two tracts had formerly been owned by the Company but that the Bureau had recently discovered that on

---

[1] This Court previously held (Judge CRAIG dissenting) that the procedure used in this case was inadequate to vest jurisdiction in the Court of Common Pleas of Fayette County. *DiCenzo Appeal,* 52 Pa. Commonwealth Ct. 595, 416 A.2d 617 (1980). That decision was recently vacated and remanded to us by our Supreme Court. *In Re Tax Claim Bureau, German Township,*     Pa.    , 436 A.2d 144 (1981).

August 26, 1970 the two tracts together with another tract not involved in the present dispute, were sold to George A. Solomon and George Teslovich (Appellees). The Bureau asked that the deed to Appellants be declared null and void because notice of the delinquency and of the tax sale had not been given to Appellees. Upon the filing of a stipulation of facts, the Court of Common Pleas entered an order[2] declaring the tax sale invalid and directing that the tracts be re-sold by the Bureau at its next tax sale unless the taxes were paid before-hand. The instant appeal is from that order.

The Court of Common Pleas held that since it was stipulated that the Appellees had not received notice that the taxes for the year in question were delinquent or that the two tracts would be sold at a tax sale as required by Section 602 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602, the sale was invalid.

In their appeal to this Court, Appellants contend that (1) the Bureau had no authority to void a tax sale once the sale had been confirmed absolutely, (2) the Court of Common Pleas had no jurisdiction to entertain the petition, (3) proper notice under the Act had been given to Appellees and (4) the proceeding was barred by laches.

---

[2] The order was entered on July 26, 1979. The record shows that on August 6, 1979, Appellants filed exceptions to the opinion and order of the Court of Common Pleas. On August 15, 1979, an order was entered granting Appellants an extension of time to file a brief on their exceptions. Nothing in the record indicates that a final order disposing of the exceptions was ever filed. Ordinarily, we would decline jurisdiction because there is no final order in this case. Since, however, the Supreme Court has approved of the procedure by which this case was initiated and has remanded the case to us for a consideration of the substantive issues, we will proceed to do so.

Concerning Appellants' first argument that the Bureau lacked statutory authority under the Act to petition the court to void a tax sale, our Supreme Court in its opinion vacating our original decision in this case noted that inasmuch as Appellees joined in the Bureau's petition without objection, the question of the Bureau's authority need not be addressed because the Appellees as record owners "clearly have standing to challenge the sale for lack of notice." *Tax Claim Bureau,* Pa. at n. 8, 436 A.2d at 147 n. 8. We are of the opinion that that language disposes of Appellants' first argument. Moreover, this Court has held that courts of equity have the power to inquire into the giving of notice as required by the Act after judicial confirmation of a tax sale. *Hoover v. Bucks County Tax Claim Bureau,* 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1979).

Appellants' second argument was the one addressed by this Court in its first decision. It follows from the fact that that decision has been vacated that Appellants' argument cannot prevail.

In their argument that notice was given as provided by the statute, Appellants first contend that since there was a duty on the part of Appellees to determine whether current taxes were paid at the time of sale, Appellees' failure to perform that duty now precludes them from complaining that the property was sold for non-payment of those taxes. Aside from citing some general language in Ladner's treatise on *Conveyancing in Pennsylvania* (1979) regarding duties of buyers and sellers of real estate at settlement, Appellants have no other authority to support their argument, and we have found none. There can be no doubt that buyers of real estate do take a risk when they fail to ascertain the status of current taxes at the time of settlement, but there is nothing

in our statutory or case law which would bar Appellees from seeking legal redress if their property was sold without strict compliance with the Act. Nor is there any authority to support Appellants' second contention that Appellees had a duty to make certain that their property was properly registered with the assessment office after the transfer occurred. While a provision in the law to that effect would certainly go a long way toward eliminating the judicial determination of cases such as this, such matters are for action by the legislature, and not this Court.

Finally, with respect to Appellants' third argument, they contend that the Bureau did give notice to the "owner" as that term is defined in Section 102 of the Act, 72 P.S. §5860.102.[3] According to Appellants, the "owner" on the date the notice of delinquency and sale were sent, was the Company. Appellants say the Appellees were not the registered owners at the time notices were given and that there is nothing in the record to indicate that they were in possession of the property or that they were the reputed owners thereof in the neighborhood. The record indicates that the land in question here was vacant at all material times. As we have recently noted in *Borough of Towanda v. Brannaka*, 61 Pa. Commonwealth Ct. 622, 434 A.2d 889 (1981), where we had a similar problem with the interpretation of a substantially similar definition of "owner" in Section 1 of

---

[3] Section 102 defines "Owner" as follows:

[T]he person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau of any county, 'owner' shall mean the county.

the Act of May 16, 1923, P.L. 207, 53 P.S. §7101, relating to municipal claims, a distinction between registered owner and owner of record has been recognized by our courts for some time. In *Borough of Towanda,* however, we went on to hold that where there is no registered owner and no occupant of the premises, the record owner is entitled to notice prior to the enforcement of a municipal claim. We think it is appropriate to come to the same conclusion in the instant case. See Also *Grace Building Co., Inc. v. Lanigan,* 15 Pa. Commonwealth Ct. 643, 328 A.2d 919 (1974). Notwithstanding the fact that nothing in the record indicates that Appellees actually occupied the property at the time the critical notices were given, neither was the Company, the party to whom the notices were sent, in such possession. What does appear in the record is that the first tract in the conveyance was properly assessed in 1971 in the names of the new owners but through oversight, the second and third tracts were not. While it is not incumbent upon the Bureau to make an exhaustive search of current landowners, knowledge of the tax collector or of the county assessment office is chargeable to the Bureau. *Appeal of Marra,* 40 Pa. Commonwealth Ct. 159, 397 A.2d 836 (1979). Here, the assessment office did reflect a change in ownership as to one tract in the conveyance from Company to Appellees, a fact which should have alerted the Bureau to look at the ownership of the subject tracts. Thus, it appears that the Bureau made a mistake which it only recently discovered and now is attempting to rectify. We hold that the Bureau's notices to the Company do not satisfy the notice requirements of the Act. Since it has been stipulated that notice was not sent to Appellees, we conclude further that notice as required by the Act has not been given in this case.

380

The last argument advanced by Appellants is that this proceeding is barred by laches.[4]  Specifically, Appellants contend that the Bureau waited more than a year after its mistake was called to its attention before taking any action and that Appellees did nothing until 7 years after the tax sale to remedy the situation.  Two important facts must be noted: the subject land is and has been vacant at all material times and no prejudice to Appellants has been shown other than the allegation in their brief that the integrity of the tax sale would be violated if Appellees prevailed.[5]  For the defense of laches to apply, prejudice to those asserting the defense must be demonstrated.  *Wilson v. King of Prussia Enterprises, Inc.*, 422 Pa. 128, 221 A.2d 123 (1966).  Accordingly, we must reject this final argument of Appellants, as well.

It is true, as stated by Appellants, that Appellants are innocent of any wrong-doing.  That, however, is not the issue.  At issue here is whether Appellees were deprived of their property without notice as provided by law.  It being conceded that Appellees did

---

[4] The opinion of the Supreme Court reversing our original decision indicates that the petition was "in all substantive respects", a complaint.  Unfortunately, that Court has not indicated for us whether the complaint should be treated by us as one in equity or at law.  The caption of the petition filed by the Bureau which initiated this proceeding does not indicate to which side of the court it is addressed.  Laches is an equitable defense.  *Commonwealth v. City of Philadelphia*, 5 Pa. Commonwealth Ct. 358, 290 A.2d 734 (1972).  Therefore, if the instant case is one at law, laches would not apply.  If it is in equity, a determination must be made as to whether the defense applies under the circumstances of this case.  Mindful of our mandate from the Supreme Court to consider the substantive issues, we will proceed to ascertain whether laches would apply, assuming without deciding, that the proceeding before us is in equity.

[5] The order of the trial court directed that all taxes paid by Appellants subsequent to the tax sale should be refunded.

not receive notice of sale of their land in accord with the requirements of the Act and we having concluded that Appellees were entitled to such notice, we must affirm the order of the Court of Common Pleas of Fayette County.

ORDER

AND Now, this 2nd day of February, 1982, the order of the Court of Common Pleas of Fayette County dated July 26, 1979 and entered to No. 89 of December Term 1972 in the Civil Division, is affirmed.

Judge PALLADINO did not participate in the decision in this case.