## In Re: Tax Claim Bureau of Clearfield Co.

*Anthony S. Guido*, for petitioner.
*David E. Blakley*, for respondent.

REILLY, *P.J.*, October 7, 1983 — On September 14, 1981, the Clearfield County Tax Claim Bureau conducted a tax sale for the satisfaction of unpaid tax claims for the year 1979.

Petitioner filed exceptions to the tax sale, maintaining, among other things, that, with regard to him, the Tax Claim Bureau failed to comply with the notice requirements of section 602 of the Real Estate Tax Sale Law, Act 1947, July 7, P.L. 1368, as amended, 72 P.S. §5860. 101 et seq. Since that contention is dispositive of this particular case, the court will not discuss petitioner's other allegations.

The record indicates that the 1979 taxes on the property in question had not been paid. Notice of the return of said taxes and entry of a claim was

sent to petitioner in accordance with sec. 308 of the Tax Sale Law. The claim became absolute and the property was listed for the tax sale to be held on September 14, 1981.

In July of 1981, pursuant to sec. 602 of the Tax Sale Law, the Tax Claim Bureau sent a tax sale notice by certified mail to petitioner at the address 214 Dauntly Street, Upper Marlboro, Md., which was petitioner's last address known to the bureau. The notice was returned to the bureau marked "Moved, Address Expired", indicating that petitioner had moved and his forwarding address had expired. On September 4, another notice was sent to petitioner at the same address and it was returned to the bureau marked "Moved, not forwardable". Then, on September 14, 1981, the bureau sold petitioner's property to satisfy the unpaid 1979 taxes.

Petitioner contends that the bureau failed to notify him of the impending tax sale of his property in accordance with the provisions of sec. 602 of the Tax Sale Law. Upon a review of the relevant case law, this court must agree.

Section 602 provides in part:

"[N]otice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provision of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States certified mail, personal addressee only, return receipt requested, postage prepaid, at his last known post office address by virtue of the

knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860. 602(e).

In Kleinberger et ux. vs. Tax Claim Bureau of Lehigh County, 64 Pa. Commw. 30, 35, 438 A.2d 1045, 1048 (1982), the Commonwealth Court stated:

"There must be strict compliance with the notice provisions of the Tax Sale Law, to guard against the deprivation of property without due process of law. . . . In addition, *the bureau must use ordinary common sense business practices in ascertaining the owners and the proper addresses to which required notices are to be sent.*" (Citations omitted) (Emphasis added.)

And in In Re: Tax Claim Bureau, German Township, Mt. Sterling, 54½ Acres Miscellaneous Buildings, 64 Pa. Commw. 374, 379, 439 A.2d 1349, 1352 (1982), the court held:

"While it is not incumbent upon the Bureau to make an exhaustive search of current landowners, knowledge of the tax collector or of the county assessment office is chargeable to the Bureau."

The record indicates that in March, 1980, petitioner's ex-wife, Carolyn L. Fugit, conveyed her interest in the subject property to him. The deed was recorded on October 16, 1980, and the county assessment office received a copy the same day. Petitioner's address did not appear anywhere on the deed. However, the name and address of petitioner's attorney were set forth thereon, and the Bureau or the assessment office should have determined petitioner's address by contacting his attorney.

While the Tax Claim Bureau was put on notice that petitioner had moved and that his forwarding instructions had expired, the Bureau made no attempt to obtain petitioner's current address. But it had, through the assessment office, knowledge of the name and address of petitioner's attorney, from whom the Bureau could have obtained petitioner's current address. Under the circumstances, it would have been an ordinary common-sense business practice, and no undue burden, for the bureau to contact petitioner's attorney in an attempt to ascertain his current address. Without such an attempt on the part of the bureau, we are precluded from finding that reasonable notice was given under the Tax Sale Law in this case. See In Re: Upset Sale, Tax Claim Bureau of Bucks County, Pennsylvania Etc., 48 Pa. Commw. 435, 410 A.2d 376 (1980).

It should be noted that the court is not issuing a broad prophylactic rule, here, regarding the lengths to which the Tax Claim Bureau must go to provide reasonable notice to an owner of property which is the subject of a tax sale. The scope of this decision is limited to the facts of this particular case. If the bureau had no knowledge, months before the scheduled tax sale date, that petitioner moved or that his forwarding instructions had expired, or if it had no knowledge of the name and address of petitioner's attorney, then our decision in this case would likely be different. .

Accordingly, we enter the following

## ORDER

And now, October 7, 1983, it is the order of this court that petitioner's exceptions to the September 14, 1981, sale of his property by the Clearfield County Tax Claim Bureau be and are hereby sus-

tained and that the sale of Parcel No. 128-C2-7-65-21, Lot No. 65, Section No. 7, Sandy Township, Clearfield County, Pa. by the Tax Claim Bureau on September 14, 1981, for the satisfaction of unpaid taxes be and is hereby declared invalid.