## Gibson v. Lawrence County Tax Claim Bureau

C.P. of Lawrence County, no. 70076BB-2006.

*Larry J. Puntureri,* for plaintiff.
*Thomas W. Leslie,* for defendant.

COX, *J.,* January 11, 2007—Before this court for disposition is plaintiff Grant K. Gibson's petition to set aside tax sale and uphold the objections/exceptions to delinquent tax sale. For the reasons set forth in this opinion, this court grants plaintiff's petition and sustains the objections/exceptions to the delinquent tax sale.

## FACTUAL BACKGROUND

Lorraine M. Reeder and Michael Reeder, sister and brother-in-law of the plaintiff, were the owners of property situated at 2123 Portersville Road, Portersville, Lawrence County, Pennsylvania. The Reeders obtained the property in 2001. Subsequently, the Reeders failed to pay their 2004 real estate taxes and the property was subject to a tax upset sale, as the Lawrence County Tax Claim Bureau held their taxes as delinquent for that year. In January of 2006, prior to sending notice of the pending tax sale, the bureau performed a final update of their records of ownership. However, on February 9, 2006, the Reeders executed a deed to Grant K. Gibson, the plaintiff, which was recorded in Lawrence County Record Book Volume 1622, page 434 on February 16, 2006. On July 24, 2006, the bureau sent notice, in accordance with 72 P.S. §5860.602, to the Reeders, whom it believed to be the registered owners of the property. The property was also advertised in the newspapers and the *Lawrence County Law Journal* under the Reeders' name. Additionally, the bureau posted notice of the tax sale on the property on September 6, 2006, as required by statute. Again, however, the posting listed the Reeders as the property owner. No notice was given from the bureau to the plaintiff and the record lacks any suggestion he ever received actual notice of the tax sale.

## LEGAL ANALYSIS

Before commencing with a tax sale, the Due Process Clause of the Fourteenth Amendment requires that the tax claim bureau provide reasonable notice to apprise all interested parties of the pending action, thereby allowing

them an opportunity to present their objections. See *Rice v. Compro Distributing Inc.,* 901 A.2d 570 (Pa. Commw. 2006). To ensure that this requirement is fulfilled, 72 P.S. §5860.602 demands that the tax claim bureau provide three different types of notice before commencing with a tax upset sale: (1) publication in two separate newspapers and once in the legal journal,[1] (2) posting of notice on the property to be sold,[2] and (3) mailing notice to the *owners* of the property.[3] Additionally, the burden is placed upon the bureau to show full compliance with the statute. *Michener v. Montgomery County Tax Claim Bureau,* 27 D.&C.4th 269, 271-72 (Montg. Cty. 1994). (citations omitted)

In the case at hand, evidence provided to the court indicated that the bureau posted notice on the subject property within the statutory time period.[4] Additionally, both counsel acknowledged notice was published in two separate newspapers and the *Lawrence County Law Journal.*[5] Furthermore, it was stipulated that the Reeders received notice of the pending sale via postal delivery. However, the central issues of this case are (1) whether the bureau had the duty to discover plaintiff was the owner of the property and (2) whether the bureau's failure to provide the current owner's information in its

---

1. 72 P.S. §5860.602(a).

2. 72 P.S. §5860.602(e)(3).

3. 72 P.S. §5860.602(e)(1). (emphasis in text added)

4. 72 P.S. §5860.602(e)(3) requires that "[e]ach property scheduled for sale shall be posted at least 10 days prior to the sale." The facts of this case show the posting occurred on September 6, 2006 and the delinquent tax sale was held on September 22, 2006 and, therefore, satisfying the 10-day requirement.

5. However, the newspaper and journal publications identified the owners as the Reeders and not the plaintiff.

publications and posting, plus its failure to notify plaintiff via certified mail resulted in non-compliance with 72 P.S. §5860.602.

Under 72 P.S. §5860.102, "owner" is defined as:

"The person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under article VII by any county, 'owner' shall mean the county."

Under this definition, plaintiff is clearly the owner of the property. The facts demonstrate plaintiff duly recorded his deed in the Lawrence County Recorder of Deeds Office and, therefore, was the person in whose name the property was last registered according to the law. Defendant insists this information should not be attributable to its office because the bureau was last provided with an update on records of ownership in January of 2006. Defendant highlights the fact that the transfer of the subject property occurred subsequent to this latest update and, therefore, the bureau should not be required to discover this knowledge. Defendant contends that to require otherwise would be unduly burdensome on the bureau, given the fact that the office is understaffed and the time to research all properties subject

to an upset sale and provide the owners with notice is quite extensive.

Although the court understands the constraints faced by the defendant, the argument must fail based upon established precedent. In *In re Tax Claim Bureau, German Township,* 64 Pa. Commw. 374, 379, 439 A.2d 1349, 1352 (1982), the court held, "While it is not incumbent upon the bureau to make an exhaustive search of current landowners, knowledge of the tax collector or of the county assessment office is chargeable to the bureau." (citations omitted) Here, the tax assessment office would have had notice of the transfer of ownership due to the recording of the deed. Further, it is the county that gives such information, including new ownership of property, to the local tax collectors. Additionally, on July 13, 2006, the Perry Township taxes and Ellwood City School District taxes were issued in the plaintiff's name. In light of these facts, this court opines that the bureau could have updated its records through various sources before sending notice. Accordingly, this court finds the bureau's contention that it is unduly burdensome to update records before sending notice of the pending tax sale contrasts the facts of the case as well as established precedent. Thus, knowledge of the property transfer is chargeable to the bureau.

Next, it must be determined whether defendant had the duty to provide plaintiff with notice of the upset sale. The court finds that the facts of *Wells Fargo Bank of Minnesota v. Tax Claim Bureau of Monroe County,* 817 A.2d 1196 (Pa. Commw. 2003), closely resemble the facts presented in the case at bar and, therefore, most effectively provides guidance on the issues presented. In that case, Wells Fargo Bank of Minnesota became the

owner of the subject property on May 17, 2001.[6] However, a deed to the property was not executed in favor of Wells Fargo until July 13, 2001. Additionally, the deed was not recorded until July 24, 2001.

On July 11, 2001, which was subsequent to the sale of the property to Wells Fargo but prior to the recordation of the deed, the Monroe County Tax Claim Bureau sent notice to the previous owner, Ms. Catherine A. Colarco, that the subject property would be sold at a tax sale on September 28, 2001 due to arrearages of taxes. Subsequently, Ms. Colarco executed a return receipt for the certified mail. Additionally, in accordance with 72 P.S. §5860.602, the Monroe County Tax Claim Bureau published the tax sale in the local newspapers and posted notice of the sale on the property, all indicating the owner of the property to be Ms. Colarco. On September 28, 2001, the Monroe County Tax Claim Bureau sold the property. Then, on October 5, 2001, the Monroe County Tax Claim Bureau sent notice to Wells Fargo that the property had been sold.[7]

In response, Wells Fargo filed a petition to set aside the tax sale on the basis that (1) Monroe County Tax Claim Bureau failed to identify the proper owner in its publications and posting, (2) Monroe County Tax Claim Bureau failed to serve notice on the record owner, and (3) Monroe County Tax Claim Bureau failed to provide

---

6. Wells Fargo purchased the property at a United States Marshal's sale, held to satisfy a default judgment in a mortgage foreclosure action brought by the bank against Catherine A. Colarco.

7. The facts of the case state that Monroe County Tax Claim Bureau's records reflect that this was the first time Wells Fargo had been provided notice of the sale.

notice of the sale to Wells Fargo as required under section 602. Upon appeal of the trial court's decision denying Wells Fargo's petition to set aside the sale, the Commonwealth Court agreed with Wells Fargo and held that the Monroe County Tax Claim Bureau failed to comply with the notice requirements under 72 P.S. §5860.602. The court found that the published notice in the newspapers, as well as the posting on the property, were fatal because they incorrectly identified Ms. Colarco as the owner. The court acknowledged that the notice requirements of 72 P.S. §5860.602 need not be met when the taxpayer has actual notice, either implied or expressed, of the tax delinquency and scheduled sale. However, the court found that there was no evidence of actual notice on behalf of Wells Fargo, and therefore required strict compliance with 72 P.S. §5860.602. The court held that the Monroe County Tax Claim Bureau's failure to identify Wells Fargo as the owner of the property in any of its publications and postings, as well as its failure to provide notice of the sale to Wells Fargo resulted in noncompliance with 72 P.S. §5860.602. Consequently, the court set aside the tax sale.

Similarly, in the case at hand, the bureau failed to identify the proper owner in any of its publications or posting. Additionally, the bureau failed to provide plaintiff, the owner of the property, with notice of the sale through certified mail. Moreover, there was no evidence that plaintiff had actual notice, either implied or expressed, of the tax delinquency or pending sale. Therefore, in light of *Wells Fargo, supra,* this court finds that the tax sale must be set aside.

In conclusion, this court finds that the tax sale must be set aside on the grounds that the bureau failed to

comply with 72 P.S. §5860.602. This court holds that (1) knowledge of plaintiff's ownership is attributable to the bureau and (2) the bureau's failure to strictly comply with the notice requirements is fatal to the sale. Therefore, plaintiff's petition to set aside tax sale is granted and the objections/exceptions to delinquent tax sale are sustained.

## ORDER

Now January 11, 2007, this case being before the court on January 2, 2007, for a hearing on the petition to set aside tax sale and objections/exceptions to delinquent tax sale filed by the plaintiff, with both parties appearing, the plaintiff, Grant K. Gibson, represented by counsel, Larry J. Puntureri, Esquire and the defendant, Lawrence County Tax Claim Bureau, represented by counsel, Thomas W. Leslie, Esquire and after a hearing held, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the petition to set aside tax sale is hereby granted and the objections/exceptions to delinquent tax sale are sustained.

(2) The tax sale for property formerly owned by Michael Reeder and Lorraine M. Reeder, husband and wife, now owned by Grant K. Gibson, situate at 2123 Portersville Road, Portersville, Lawrence County, Pennsylvania is hereby set aside and rendered null and void.

(3) Any deed transferring the property situate at 2123 Portersville Road, Portersville, Lawrence County, Pennsylvania as the result of said tax sale is hereby rendered a nullity.

(4) The Lawrence County Tax Claim Bureau shall return any monies paid to said bureau as the result of the tax sale directly to the attempted purchaser.

(5) The prothonotary shall serve a copy of this order of court upon counsel of record, Larry J. Puntureri, Esquire and Thomas W. Leslie, Esquire.